**SCHNEBERG LAW PC**
Kyle P. Schneberg, SBN 239325
kyle@schneberglaw.com
3828 W. Carson St., Ste. 100
Torrance, CA 90503
(310) 359-9090

**BOHRER & LUKEMAN**
Abram I. Bohrer, NY SBN 2447530
David A. Zeitzoff, NY SBN 5309224
5 Columbus Circle, Suite 1501
New York, New York 10019
(212) 406-4232
*Forthcoming Pro Hac Vice Application*

*Attorneys for Plaintiff EILEEN VINES*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN VINES,<br><br>         Plaintiff,<br><br>vs.<br><br>TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a  TURKISH AIRLINES and TURKISH AIRLINES, INC.,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

1.     The Plaintiff, EILEEN VINES, by her attorneys, SCHNEBERG LAW PC, and

BOHRER & LUKEMAN, as and for her complaint against the Defendant, TURK HAVA

YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES and TURKISH AIRLINES,

1   INC. ("Defendants"), alleges the following upon information and belief:

2                        **JURISDICTION AND VENUE**

3        2.      Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331,

4   insofar as a federal question is presented under the laws and treaties of the United States through

5   Article 17 of the Convention for the Unification of Certain Rules Relating to International Carriage

6   by Air, concluded at Montreal, Canada, on May 28, 1999 ("Montreal Convention").

7        3.      *In personam* jurisdiction and venue are proper in this district insofar as in or about

8   September 5, 2021, Defendants, common carriers of passengers by air, had offices and transacted

9   business within California; Defendants purposefully availed themselves of the privilege of

10  conducting activities within California; the contract of carriage which forms the basis for this cause

11  of action was sold in California and expressly incorporated the provisions of the Montreal

12  Convention; the travel which led to the events, actions, and omissions which form the basis of this

13  action originated and concluded in California; and this cause of action arises out of and/or relates

14  to Defendants' contacts with California.

15       4.      Venue is further proper in this judicial district insofar as a number of nonparty

16  witnesses and medical providers reside and are located within this judicial district.

17                       **DIVISIONAL ASSIGNMENT**

18       5.      Pursuant to Civil L.R. 3-2(d), assignment of this matter is appropriate for the San

19  Francisco Division or Oakland Division, because the circumstances of the action arise in the

20  county of San Francisco.

COMPLAINT AND DEMAND FOR JURY TRIAL

**THE PARTIES**

6.      Plaintiff EILEEN VINES resides in Santa Clara, California.

7.      At all times mentioned herein, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES is a foreign corporation.

8.      At all times mentioned herein, Defendant TURKISH AIRLINES, INC. is a foreign corporation authorized to do business in the State of California.

9.      In or about the time of the incident herein, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES operated one or more regularly scheduled daily flights to and from the State of California.

10.     In or about the time of the incident herein, Defendant TURKISH AIRLINES, INC. operated one or more regularly scheduled daily flights to and from the State of California.

11.     In or about the time of the incident herein, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES sold airline tickets in, operated aircraft to and from, shipped cargo to and from, transacted business within, and thus derived revenue on a daily basis from the State of California.

12.     In or about the time of the incident herein, Defendant TURKISH AIRLINES, INC. sold airline tickets in, operated aircraft to and from, shipped cargo to and from, transacted business within, and thus derived revenue on a daily basis from the State of California.

13.     In or about the time of the incident herein, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES advertised the sale of commercial airline

3

travel in various mediums within the State of California.

14.     In or about the time of the incident herein, Defendant TURKISH AIRLINES, INC. advertised the sale of commercial airline travel in various mediums within the State of California.

15.     In or about the time of the incident herein, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES purposefully availed itself of the privilege of conducting activities within the State of California.

16.     In or about the time of the incident herein, Defendant TURKISH AIRLINES, INC. purposefully availed itself of the privilege of conducting activities within the State of California.

17.     In or about the time of the incident herein, Defendant TURKISH AIRLINES, INC. maintained multiple employees within the State of California.

18.     In or about the time of the incident herein, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES maintained multiple employees within the State of California.

19.     In or about the time of the incident herein, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES maintained a ticketing counter within the State of California in the International Terminal of San Francisco International Airport (SFO) and Los Angeles International Airport (LAX).

20.     In or about the time of the incident herein, Defendant TURKISH AIRLINES, INC. maintained a ticketing counter within the State of California in the International Terminal of San Francisco International Airport (SFO) and Los Angeles International Airport (LAX).

COMPLAINT AND DEMAND FOR JURY TRIAL

21.     In or about the time of the incident herein, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES purchased aviation fuel, catering meals and other aircraft services and supplies on a daily basis in furtherance of its service of its international commercial airline passenger flights.

22.     In or about the time of the incident herein, Defendant TURKISH AIRLINES, INC. purchased aviation fuel, catering meals, and other aircraft services and supplies on a daily basis in furtherance of its service of its international commercial airline passenger flights.

23.     In or about the time of the incident herein, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES rented offices or otherwise occupied real estate within the State of California.

24.     In or about the time of the incident herein, Defendant TURKISH AIRLINES, INC. rented offices or otherwise occupied real estate within the State of California.

25.     The subject accident and this cause of action arises out of Defendants' California-based contacts.

26.     Upon information and belief, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES and Defendant TURKISH AIRLINES, INC. share common ownership, management, employees, shareholders, members, capital, resources, officers, and/or directors.

**STATEMENT OF FACTS**

27.     On or about September 5, 2021, at or near the time of the events complained of

COMPLAINT AND DEMAND FOR JURY TRIAL

herein, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES was and is a common carrier engaged in the business of transporting passengers for hire by air.

28.     Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about September 5, 2021, at or near the time of the events complained of herein, Defendant TURKISH AIRLINES, INC. was and is a common carrier engaged in the business of transporting passengers for hire by air.

29.     In furtherance of said business, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES operates multiple regularly scheduled commercial airline flights to and from the State of California.

30.     Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, in furtherance of said business, Defendant TURKISH AIRLINES, INC. operates multiple regularly scheduled commercial airline flights to and from the State of California.

31.     On or about September 5, 2021, Defendants operated at least two flights per day both to and from both San Francisco International Airport (SFO) and Los Angeles International Airport in California.

32.     Said flights are typically operated on Boeing or Airbus jumbo jets with the capacity to carry over 300 passengers per flight, carry thousands of gallons of jet fuel, and transport thousands of pieces of baggage and cargo all of which, upon information and belief, generate costs and revenues within California worth millions of Dollars per month.

33.     Plaintiff's travel, pursuant to the contract of carriage which forms the basis for this cause of action ("the contract of carriage") originated and concluded in the State of California, and within this judicial district.

34.     Plaintiff's ticket for passage which comprises the contract of carriage was purchased in the State of California.

35.     On or about September 5, 2021, Plaintiff was traveling aboard Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES's aircraft with a final destination of San Francisco, California.

36.     Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about September 5, 2021, Plaintiff was traveling aboard Defendant TURKISH AIRLINES INC.'s aircraft with a final destination of San Francisco, California.

37.     Plaintiff's contract of carriage required Plaintiff to stop in Istanbul, Turkey and connect to another "Turkish Airlines" aircraft and flight to complete her trip to California.

38.     On or about September 5, 2021, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES owned, operated, and controlled a certain jet aircraft ("the subject aircraft") designated as Turkish Airlines Flight TK1086 from Podgorica Airport, Podgorica, Montenegro (TGD) to Istanbul, Turkey (IST) ("the subject flight").

39.     Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about September 5, 2021, Defendant TURKISH AIRLINES, INC. owned, operated, and controlled a certain jet aircraft designated as Turkish Airlines Flight TK1086 from Podgorica

COMPLAINT AND DEMAND FOR JURY TRIAL

Airport, Podgorica, Montenegro (TGD) to Istanbul, Turkey (IST).

40.     On or about September 5, 2021, Plaintiff EILEEN VINES was a fare-paying passenger lawfully aboard Turkish Airlines Flight TK1086.

41.     At the time of the accident complained of herein, Plaintiff EILEEN VINES was disembarking Turkish Airlines Flight TK1086 for a one-hour layover in Istanbul in order to connect to Turkish Airlines Flight 79 to San Francisco, California. (SFO)

42.     On or about September 5, 2021, at the time of the accident complained of herein, Plaintiff's intent was not to exit Istanbul Airport, but to proceed directly to another Turkish Airlines flight to return home to California.

43.     On or about September 5, 2021, and for some time prior thereto, Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES owned, serviced, maintained, repaired, and/or operated the subject aircraft.

44.     Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about September 5, 2021, and for some time prior thereto, Defendant TURKISH AIRLINES, INC. owned, serviced, maintained, repaired, and/or operated the subject aircraft.

45.     It was the responsibility of Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES to ensure the safety of its passengers as they disembarked from the subject aircraft.

46.     Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, it was the responsibility of Defendant TURKISH AIRLINES, INC. to ensure the safety of

8

its passengers as they disembarked from the subject aircraft.

47.     Passengers, including Plaintiff, disembarking Turkish Airlines Flight TK1086 did not deplane through a covered jetway directly into the airport terminal, but rather, were required to traverse portable airstairs placed adjacent to the rear of the aircraft that led them down to the tarmac. From there, it was contemplated that passengers, Plaintiff included, would either walk to the terminal or be loaded onto a tarmac bus for transport to the airport terminal.

48.     Defendant TURK HAVA YOLLARI ANONIM ORTAKLIGI d/b/a TURKISH AIRLINES owned, operated, managed, serviced, repaired, maintained, supervised, or otherwise controlled the aforesaid portable airstairs.

49.     Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, Defendant TURKISH AIRLINES, INC. owned, operated, managed, serviced, repaired, maintained, supervised, or otherwise controlled the aforesaid portable airstairs.

50.     Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, in the event that the aforesaid portable airstairs was owned or operated by an entity other than Defendants, Defendants possessed a non-delegable duty to ensure that said staircase provided a safe and proper means of ingress and egress to and from its aircraft and flight.

51.     In addition to their non-delegable duty to safely and securely operate the subject aircraft and subject flight, and provide for the general health, safety and welfare of the passengers aboard such aircraft and flights, Defendants' employees, agents and servants were also responsible to ensure a safe and proper boarding and disembarkation process of Defendants' passenger flights.

COMPLAINT AND DEMAND FOR JURY TRIAL

52.     In doing so, Defendants' flight and cabin crew had a non-delegable duty to ensure that its passengers were provided with a safe method and mode of ingress and egress to and from Defendants' aircraft and flights.

53.     Therefore, Defendants' flight and cabin crew members had a non-delegable duty to ensure that portable airstairs in use to disembark TK 1086 were safely and properly positioned for passengers to disembark whether or not said portable staircase was owned by Defendants.

54.     Upon information and belief, Defendants also employed ground-based employees, agents, servants and contractors responsible for the safe and secure ground operations of their aircraft and flights, including, but not limited to the safe and secure boarding and disembarkation of its passengers.

55.     Defendants' ground-based employees were similarly responsible for the safe and secure ground operations of their aircraft and flights, including, but not limited to the safe and secure boarding and disembarkation of its passengers, and of TK 1086 in particular.

56.     Upon information and belief, Defendants also utilized the services of ground service providers at Istanbul Airport to assist with, inter alia, the facilitation of ground services, including assisting with, supervising or otherwise managing the boarding and disembarkation of Defendants' flights and aircraft.

57.     Pleaded in the alternative and without prejudice to anything stated herein to the contrary, on September 5, 2021, said ground service providers assisted with, supervised, managed or otherwise controlled the disembarkation process of TK 1086 and performed various functions

COMPLAINT AND DEMAND FOR JURY TRIAL

therein, including but not limited to the deployment, positioning, adjustment, inspection, service, maintenance, care and oversight of the portable airstairs used in the disembarkation of said flight and aircraft.

58.     Said ground service providers were employees, agents, servants, and/or contractors of Defendants.

59.     Pleaded in the alternative and without prejudice to anything stated herein to the contrary, said ground service providers were Defendants' agents and/or contractors insofar as they provided or performed a function essential to the Defendants' performance of its contract of carriage thus making Defendants liable for their malfeasance.

60.     On September 5, 2021, while disembarking TK 1086, Plaintiff EILEEN VINES fell while stepping from the aircraft onto the portable airstairs.

61.     On September 5, 2021, while disembarking TK 1086, Plaintiff EILEEN VINES fell and was injured due to a dangerous and/or defective condition that existed on said portable airstairs insofar as it malfunctioned, was improperly and/or negligently positioned for passengers exiting the subject aircraft, was rendered slippery, or otherwise existed there and then in a dangerous and hazardous manner.

62.     On September 5, 2021, said hazardous, dangerous and/or defective condition of the portable airstairs, and Plaintiff's fall and resulting injuries were caused by an accident, or namely, an unexpected or unusual event or occurrence external to the Plaintiff, and not from the Plaintiff's internal reaction to the ordinary operation of the aircraft.

COMPLAINT AND DEMAND FOR JURY TRIAL

63.     On September 5, 2021, the condition of the walking surface and configuration of the portable airstairs across which Plaintiff was required to traverse in order to exit TK 1086, were unexpected and unusual and caused Plaintiff to slip and/or trip and fall.

64.      On September 5, 2021, the design of, and manner in which said portable airstairs were stationed at, operated and utilized to disembark TK 1086 was unexpected and unusual, and caused her to fall and suffer injuries.

65.     On September 5, 2021, Defendants, their employees' agents, servants and contractors failed to warn passengers disembarking TK1086 and the Plaintiff in particular, of the portable airstairs' dangerous and defective condition.

66.     Said failure to warn passengers disembarking TK1086 and the Plaintiff in particular, of the portable airstairs' dangerous and defective condition was unexpected and unusual and resulted in Plaintiff's accident and injuries.

67.     On September 5, 2021, Defendants, their agents, servants, and/or contractors' failure to place any type of warning device at or near the subject aircraft door and/or on the walking surface of said portable airstairs was unexpected and unusual and caused Plaintiff's accident and injuries.

68.     Said accident occurred due to the negligence, carelessness and/or recklessness of Defendants, their agents, employees, servants, and/or contractors.

69.     As a result of said accident, Plaintiff was injured.

70.     As a result of said accident, Plaintiff was seriously injured.

COMPLAINT AND DEMAND FOR JURY TRIAL

71.     As a result of said accident, Plaintiff was permanently injured.

72.     As a result of said accident, Plaintiff has suffered severe pain, agony, and mental anguish and in the future will continue to suffer from same.

73.     As a result of said accident, Plaintiff suffered economic loss and will in the future continue to suffer from same.

74.     As a result of said accident, Plaintiff was deprived of her enjoyment of life, pursuits and interests and verily believes that in the future she will continue to be deprived of same.

75.     As a result of the foregoing, Defendants are liable to pay full, and fair damages to Plaintiff pursuant to the Montreal Convention.

76.     Pursuant to Article 21 of the Montreal Convention, Defendants cannot limit their damages insofar as they cannot prove their negligence did not cause or contribute to the accident and Plaintiff's resulting injuries.

77.     Pursuant to Article 21 of the Montreal Convention, Defendants cannot limit their damages insofar as they cannot prove Plaintiff's accident and injuries were caused solely by the acts of third parties who were not Defendants' agents.

**WHEREFORE**, Plaintiff EILEEN VINES, demands judgment against Defendants TURK HAVA YOLLARI ANONIM ORTAKLIGI, d/b/a TURKISH AIRLINES and TURKISH AIRLINES, INC. for the maximum amount permitted by law to be determined at trial, together with interest, costs and disbursements of this action.

COMPLAINT AND DEMAND FOR JURY TRIAL

1

## **JURY DEMAND**

2
Plaintiff demands a jury of eight (8) persons for all claims stated.

3

Dated: May 19, 2022                              SCHNEBERG LAW P.C.

4

5                                                *-s- Kyle P. Schneberg*
                                        By:_____

6                                            Kyle P. Schneberg, Esq.
                                             Schneberg Law P.C.

7                                            3828 W. Carson St., Ste. 100
                                             Torrance, CA 90503

8                                            (310) 359-9090

9                                            BOHRER & LUKEMAN

10

11                                      By:_____

12                                           Abram I. Bohrer, Esq.
                                             David  A. Zeitzoff, Esq.

13                                           Bohrer and Lukeman
                                             5 Columbus Circle, Suite 1501

14                                           New York, New York 10019
                                             (212) 406-4232

15                                           *Forthcoming Pro Hac Vice Application*

16                                           *Attorneys for Plaintiff*

17

18

19

20

COMPLAINT AND DEMAND FOR JURY TRIAL